# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEANNOT GENAT,<br><br>                                    Petitioner,<br><br>v.<br><br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, et. al.,<br><br>                                    Respondents. | Case No.:  26-cv-0358-BJC-MMP<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |

Petitioner Jeannot Genat, a citizen of Haiti, began the process of seeking asylum in the United States from Mexico and scheduled an appointment for October 16, 2024.  ECF No. 9 at 2.[1]   He was paroled into the United States, placed in removal proceedings, and formally applied for asylum.  *Id*. at 2.  Immigration and Customs Enforcement agents arrested him on June 9, 2025, after he attended an immigration court proceeding.  *Id*.  He remains detained at the Otay Mesa Detention Center.  *Id*.

On January 21, 2026, Petitioner, proceeding *pro se*, filed a Petition for a Writ of

---

[1] Page numbers refer to those generated by the Court's CM/ECF system.

Habeas Corpus pursuant to 28 U.S.C. § 2241.  ECF No. 1.  The Court set a briefing schedule and appointed counsel on January 27, 2026.  ECF No. 2.  Petitioner, through counsel, filed an amended petition on February 9, 2026.  ECF No. 9.  Respondents filed a return on February 17, 2026.  ECF No. 10.  Petitioner filed a traverse on February 24, 2026.

## LEGAL STANDARD

Courts may grant habeas corpus relief to those "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241; *see also Hamdi v. Rumsfeld,* 542 U.S. 507, 525, 124 S. Ct. 2633, 2644, 159 L. Ed. 2d 578 (2004) ("[T]he writ of habeas corpus remains available to every individual detained within the United States.").  Courts are authorized to grant writs pursuant to § 2241 to noncitizens in custody in violation of the Constitution or laws or treaties of the United States.  *Magana-Pizano v. I.N.S.*, 200 F.3d 603, 609 (9th Cir. 1999).

## DISCUSSION

Petitioner contends his detention violates the Administrative Procedures Act ("APA") and the Due Process Clause of the Fifth Amendment.  ECF Nos. 9 at 3-7.  He further contends his detention has become prolonged.  *Id*. at 6-9.  Respondents do not address Petitioner's arguments.  Instead, Respondents contend Petitioner is subject to detention under 8 U.S.C. § 1225, but they acknowledge courts in this district have reached the opposition conclusion.

Under applicable regulations, parole is "terminated upon written notice to the [noncitizen]."  8 C.F.R. § 212.5(e)(2).  Additionally, Petitioner was entitled to due process, including written notice, the reasons for the termination, and an opportunity to contest the determination, prior to termination of his parole.  *Noori v. LaRose*, No. 25-CV-1824-GPC-MSB, 2025 WL 2800149, at *11 (S.D. Cal. Oct. 1, 2025).  Petitioner contends, and Respondents do not dispute, that Petitioner was provided no individualized determination, and no opportunity to be heard before he was detained.  The Court finds Petitioner's revocation of his release and detention violates the APA and due process rights.

Accordingly, the Court GRANTS the petition for a writ of habeas corpus.

25-cv-0358-BJC-MMP

Respondents shall immediately release Petitioner under the previously determined conditions.  Respondents are enjoined from re-detaining Petitioner without complying with 8 C.F.R. § 212.5 and due process.  The Clerk of Court shall close this matter.

**IT IS SO ORDERED**.

Dated:  February 24, 2026

_Bryan Cheeks_

Honorable Benjamin J. Cheeks
United States District Judge

25-cv-0358-BJC-MMP